United States District Court

For the Northern District of California

1

2

3

4

5       UNITED STATES DISTRICT COURT

6       NORTHERN DISTRICT OF CALIFORNIA

7

ROGHSHANA AMIR,

8

         Plaintiff,                                    No. C 09-3034 PJH

9

         v.

10                                                     **ORDER AFFIRMING THE**
MICHAEL J. ASTRUE, Commissioner                        **ADMINISTRATIVE LAW JUDGE'S**
11   of Social Security,                               **DECISION DENYING SOCIAL**
                                                       **SECURITY BENEFITS**
12         Defendant.
_____/
13

14                               **INTRODUCTION**

15         Plaintiff Roghshana Amir ("Amir") seeks judicial review of the decision of the Social

16   Security Administration Commissioner ("the Commissioner") denying her claim for

17   Supplemental Security Income Benefits ("SSI"), pursuant to 42 U.S.C. § 405(g).  This

18   action is before the court on the parties' cross-motions for summary judgment, and Amir's

19   alternative motion to remand for payment of benefits or for further administrative

20   proceedings.  Amir failed to file a reply in support of her motion.  Having read the parties'

21   papers and administrative record, and having carefully considered their arguments and

22   relevant legal authority, the court GRANTS the Commissioner's cross-motion for summary

23   judgment, DENIES plaintiff's cross-motion for summary judgment and alternative motion to

24   remand for payment of benefits or for further administrative proceedings, and AFFIRMS the

25   Commissioner's final decision.

26                                **BACKGROUND**

27         Amir filed an application for SSI on August 28, 2006.  Administrative Record ("A.R.")

28   65-69.  She alleged disability beginning January 1, 2001.  A.R. 65.  The Commissioner

1  denied her application on January 19, 2007, and upon reconsideration on August 3, 2007.

2  A.R. 31-35, 36-40.  Amir then filed a request for hearing by an Administrative Law Judge

3  ("ALJ") on September 24, 2007.  A.R. 41.  The hearing was held before Administrative Law

4  Judge Randolph E. Schum on November 5, 2008.  A.R. 17-28.  On January 13, 2009, the

5  ALJ found that Amir was not disabled within the meaning of the Social Security Act and

6  rendered an unfavorable decision.  A.R. 7-16.  On March 6, 2009, Amir requested review of

7  the ALJ's decision by the Appeals Council.  A.R. 5-6.  The Appeals Council denied review

8  on May 14, 2009.  A.R. 1-4.  Amir now brings this action seeking judicial review of the ALJ's

9  decision pursuant to 42 U.S.C. § 405(g).

10       At the time of the ALJ hearing, Amir was thirty-six years old.  A.R. 20.  She came to

11  the United States from Afghanistan in 2002 and has a green card.  A.R. 20.  Since coming

12  to the United States, the only job she has held is as a maid for two months.  A.R. 20.  Her

13  ability to speak English is very limited, but she has a G.E.D.  A.R. 20.  She alleges that she

14  suffers from suicidal thoughts and depression.

15                          **STATUTORY AND REGULATORY FRAMEWORK**

16       The Social Security Act ("the Act") provides for the payment of disability insurance

17  benefits to people who have contributed to the social security system and who suffer from a

18  physical or mental disability.  See 42 U.S.C. § 423(a)(1).  To evaluate whether a claimant is

19  disabled within the meaning of the Act, the ALJ is required to use a five-step analysis.  See

20  20 C.F.R. § 404.1520.  The ALJ may terminate the analysis at any stage where a decision

21  can be made that the claimant is or is not disabled.  See Pitzer v. Sullivan, 908 F.2d 502,

22  504 (9th Cir. 1990).

23       At step one, the ALJ determines whether the claimant is engaged in any "substantial

24  gainful activity," which would automatically preclude the claimant from receiving disability

25  benefits.  See 20 C.F.R. § 404.1520(a)(4)(i).  If not, at step two, the ALJ must consider

26  whether the claimant suffers from a severe impairment that "significantly limits [the

27  claimant's] physical or mental ability to do basic work activities."  See 20 C.F.R.

28

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1   § 404.1520(a)(4)(ii).  Next, the third step requires the ALJ to compare the claimant's

2   impairment to a listing of impairments in the regulations.  See 20 C.F.R.

3   § 404.1520(a)(4)(iii).  If the claimant's impairment or combination of impairments meets or

4   equals the severity of any medical condition contained in the listing, the claimant is

5   presumed disabled and is awarded benefits.  Id.

6        If the claimant's condition does not meet or equal a listing, the ALJ must determine

7   the claimant's "residual functional capacity" ("RFC").  See 20 C.F.R. § 404.1520(e).  The

8   ALJ will then proceed to step four to consider whether the claimant has sufficient RFC to

9   perform his or her past relevant work despite the limitations caused by the impairment.

10  See 20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant can still perform past relevant work, the

11  ALJ will make a finding of not disabled.  Id.  If the claimant cannot perform past relevant

12  work, the ALJ is required to show, at step five, that the claimant can perform other work

13  that exists in significant numbers in the national economy, taking into consideration the

14  claimant's RFC, age, education, and past work experience.  See 20 C.F.R.

15  § 404.1520(a)(4)(v).  If the claimant can make an adjustment to other work, the ALJ will find

16  the claimant not disabled, and if not, the ALJ will find the claimant disabled.  Id.

17       In steps one through four, the claimant has the burden to demonstrate a severe

18  impairment and an inability to engage in his or her previous occupation.  Andrews v.

19  Shahala, 53 F.3d 1035, 1040 (9th Cir. 1995).  Then, if the analysis proceeds to step five,

20  the burden shifts to the Commissioner to demonstrate that the claimant can perform other

21  work.  Id.

22                                    **ALJ's FINDINGS**

23       In this case, the ALJ determined that Amir was not disabled at step five of the

24  disability analysis.  A.R. 15-16.  The ALJ first concluded that at step one, Amir had not

25  engaged in substantial gainful activity since August 28, 2006, the application date.  A.R. 12.

26  At step two, the ALJ found that Amir suffered from a severe impairment, namely,  major

27  depressive disorder (mild).  A.R. 12.  At step three, the ALJ concluded that Amir did not

28

3

United States District Court

For the Northern District of California

1   have an impairment or combination of impairments that meets or medically equals one of

2   the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix.  A.R. 12; see 20 C.F.R.

3   §§ 416.925, 416.926.

4        Next, the ALJ found that Amir "has the residual functional capacity to perform a full

5   range of work at all exertional levels," but had non-exertional limitations.  A.R. 12.

6   Specifically, the ALJ found that Amir "maintains the mental capacity to understand,

7   remember, and carry out simple instructions and non-detailed tasks with limited

8   communication skills."  A.R. 13.  In forming these conclusions regarding Amir's RFC and

9   alleged dysfunction, the ALJ gave careful consideration to the entire record.  A.R. 12.

10       In particular, the ALJ noted that the psychiatric evaluation performed at the request

11  of the Social Security Administration ("SSA") on November 12, 2006 by Dr. Jasdeep S.

12  Aulakh, M.D. ("Dr. Aulakh"), a psychiatrist, was the most thorough and complete mental

13  status evaluation in the record.  A.R. 13.  Dr. Aulakh diagnosed Amir with major depressive

14  disorder recurrent.  A.R. 13.  He did not report any moderate to marked limitations in terms

15  of Amir's mental functioning, and further noted that Amir's examination showed no

16  evidence of cognitive deficits, perceptual disturbances or delusional disorders.  A.R. 13.  In

17  addition, Dr. Aulakh opined that Amir could understand and carry out simple instructions,

18  but noted that there might be some limitations related to language barrier, education

19  history, and cultural circumstances.  A.R. 13.

20       The ALJ then reviewed and rejected the psychological evaluation performed by

21  Roya Sakhai, Ph.D. ("Dr. Sakhai"), a therapist, at the Multi-Lingual Center on June 19,

22  2007.  A.R. 13-14.  At the time, Amir was assigned a Global Assessment Functioning score

23  of 41-50, which indicated serious functioning limitations in several areas including social,

24  occupational, or school functioning.  A.R. 14.  Dr. Sakhai reported that Amir needed

25  assistance to keep her appointments and was unable to drive due to her depression, lack

26  of concentration, and fear of accidents.  A.R. 14.  She further noted that Amir looked

27  confused and fearful, was unable to focus on answering questions, and seemed sleepy

28

4

United States District Court

For the Northern District of California

1    with poor concentration.  A.R. 14.  Dr. Sakhai indicated that Amir's symptoms, as reported

2    by herself, included guilt, worthlessness, and extreme mood swings.  A.R. 14.  Dr. Sakhai

3    diagnosed Amir with major depression and Dr. Sakhai's prognosis for Amir's improvement

4    was ongoing weekly therapy at the Multi-Lingual Center and medication.  A.R. 14.

5           The ALJ rejected Dr. Sakhai's psychological evaluation because Dr. Sakhai's

6    evaluation constituted "a one-time only examination, and there [were] no psychotherapy

7    notes to substantiate the assessment, as it [was] clearly contradicted by the progress

8    notes."  A.R. 14.  The ALJ pointed out that for the most part, Dr. Sakhai's progress notes

9    from the therapy sessions at the Multi-Lingual Center related to behavioral counselling

10   rather than medical treatment.  A.R. 14.  The ALJ also noted that Dr. Sakhai was not a

11   licensed psychologist.  A.R. 14.

12          Next, the ALJ found Amir's allegations regarding subjective symptoms and the

13   extent of her functional limitations not fully credible "insofar as she alleges that she is

14   precluded from performing all substantial gainful activities."  A.R. 14.  Amir alleged that her

15   impairments prevent her from working, that she lives with her children who help her with

16   household chores, and that she has been sick ever since the war in Afghanistan and after

17   her husband was killed by the Taliban in 2000.  A.R. 14, 193.  She described symptoms of

18   low energy, and problems with concentration and memory.  A.R. 14.  The ALJ found that

19   Amir's medically determinable impairment could reasonably be expected to cause the

20   alleged symptoms, but he also found that her statements concerning the intensity,

21   persistence, and limiting effects of these symptoms were not credible to the extent they

22   were inconsistent with the RFC assessment.  A.R. 14.  The ALJ stated that the medical

23   evidence did not support regular psychiatric care and there were no credible opinions by a

24   treating or examining physician that states she is unable to perform any work.  A.R. 15.

25          The ALJ further noted that he gave consideration to the reports of the state agency

26   medical consultants as well as to the other treating, examining, and non-examining medical

27   sources, and stated that the RFC conclusions reached by the physicians employed by the

28

5

United States District Court

For the Northern District of California

1   State Disability Services support a finding of "not disabled." A.R. 15. After determining

2   Amir's RFC, the ALJ completed step 4 and 5 of the disability analysis. A.R. 15. The ALJ

3   first noted that Amir is not able to communicate in English and is considered illiterate in

4   English. A.R. 15. He also noted that Amir does not have any past relevant work and thus

5   has no transferable job skills. A.R. 15. He then considered Amir's age, education, work

6   experience, and RFC, along with the testimony of the vocational expert who testified that

7   with all of those factors taken into consideration, there exists occupations in significant

8   numbers in the national economy that such a person can perform, such as a

9   housekeeper/maid. A.R. 15. Based on the aforementioned evidence, the ALJ found Amir

10  "not disabled." A.R. 15.

11                          **STANDARD OF REVIEW**

12          This court has jurisdiction to review final decisions of the Commissioner pursuant to

13  42 U.S.C. § 405(g). The ALJ's decision must be affirmed if the ALJ's findings are

14  "supported by substantial evidence and if the [ALJ] applied the correct legal standards."

15  Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001). "Substantial evidence" means

16  more than a scintilla, but less than a preponderance, or evidence which a reasonable

17  person might accept as adequate to support a conclusion. Thomas v. Barnhart, 278 F.3d

18  947, 954 (9th Cir. 2002). The court is required to review the administrative record as a

19  whole, weighing both the evidence that supports and detracts from the ALJ's conclusion.

20  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). Where the evidence is

21  susceptible to more than one rational interpretation, the court must uphold the ALJ's

22  decision. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Additionally, the

23  harmless error rule applies where substantial evidence otherwise supports the ALJ's

24  decision. Curry v. Sullivan, 925 F.2d 1127, 1129 (9th cir. 1991) (citing Booz v. Sec'y of

25  Health and Human Servs., 734 F.2d 1378, 1380-81 (9th cir. 1984)).

26          When the Appeals Council denies review after evaluating the entire record, including

27  newly submitted evidence, that new evidence becomes part of the administrative record to

28  be reviewed by this court on appeal. See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir.

United States District Court

For the Northern District of California

1   1993).  Thus, this court must consider the evidence before both the ALJ and the Appeals

2   Council in reviewing the ALJ's decision.  Id.

3                                                     **ISSUES**

4        Amir seeks review of the Commissioner's denial of SSI benefits, arguing that:

5        (1)     the ALJ failed to cite adequate reasons for rejecting Dr. Sakhai's opinion;

6        (2)     the ALJ failed to cite clear and convincing reasons for rejecting Amir's

7                subjective testimony; and

8        (3)     the ALJ failed to address the opinion of the state agency psychiatrist,

9                Dr. Lucila.

10                                               **DISCUSSION**

11  **I.      The ALJ did not err in rejecting the opinion of Dr. Sakhai.**

12       The Social Security regulations distinguish between "acceptable medical

13  sources" and "other sources."  In order for a psychologist to be an "acceptable medical

14  source," she must be licensed or certified.  20 C.F.R. § 416.913(a)(2).

15       The distinction between "acceptable medical sources" and sources who are not

16  "acceptable medical sources" "facilitates the application of [social security] rules on

17  establishing the existence of an impairment, evaluating medical opinions, and who can be

18  considered a treating source."  SSR 06-03p at *2.[1]  Only "acceptable medical sources" are

19  permitted to establish the existence of a medically determinable impairment, to provide

20  medical opinions, and to be considered treating sources as defined by the regulations, such

21  that their opinions may be entitled to controlling weight.  See id. (citing 20 C.F.R.    §§

22  404.1513(a); 416.913(a); 416.927(a)(2); 404.1502; 416.902; 404.1527(d); 416.927(d)).

23  Because acceptable medical sources are considered the most qualified health care

24  professionals, the Commissioner is allowed "to accord opinions from other [medical]

25  sources less weight than opinions from acceptable medical sources." Gomez v. Chater, 74

26  _____

    [1]  "SSRs do not carry the force of law, but they are binding on ALJs nonetheless." Bray
27  v. Commissioner of Social Security Admin, 554 F.3d 1219, 1224 (9th Cir. 2009); 20 C.F.R. §
    402.35(b)(1).  The Ninth Circuit defers to the rulings unless they are "plainly erroneous or
28  inconsistent with the Act or regulations." Chavez v. Dept. of Health and Human Servs., 103
    F.3d 849, 851 (9th Cir 1996).

United States District Court

For the Northern District of California

1  F.3d 967, 970-71 (9th Cir.1996); see also Stewart v. Astrue, 2009 WL 725048 at *1 (9th

2  Cir. 2009).

3      "However, depending on the particular facts in a case, and after applying the factors

4  for weighing opinion evidence, an opinion from [an other] medical source . . . may outweigh

5  the opinion of an acceptable medical source, including the medical opinion of a treating

6  source.[2]  For example, it may be appropriate to give more weight to the opinion of a

7  medical source who is not an acceptable medical source if he or she has seen the

8  individual more often than the treating source and has provided better supporting evidence

9  and a better explanation for his or her opinion."  SSR 06-03p at *5.

10      Here, because Dr. Sakhai is not licensed or certified, she is therefore not an

11  "acceptable medical source."  A.R. 14.  The ALJ also noted in his decision that Dr. Sakhai's

12  psychological evaluation was a one-time only exam.  A.R. 14.  Amir asserts that the SSA

13  "routinely relies on one-time only examinations."  However, this argument fails because the

14  ultimate decision is in the ALJ's discretion, and duration of treatment as well as frequency

15  and nature of the contact, are relevant factors that the ALJ can consider when weighing

16  opinions.  See 20 C.F.R. § 416.927(d)(2)(I));  SSR 06-03p.  Additionally, Dr. Sakhai met

17  with Amir on June 19, 2007 to conduct the psychological evaluation.  A.R. 255.  The

18  progress notes from the Multi-Lingual Center by Dr. Sakhai span from the date of the

19  psychological evaluation to December 27, 2007, thus indicating that Dr. Sakhai did not

20  have a longstanding relationship with Amir before the psychological evaluation.  A.R. 14.

21      Most importantly, the ALJ concluded that, "there are no psychotherapy notes to

22  substantiate Dr. Sakhai's assessment, as it is clearly contradicted by the progress notes."

23  A.R. 14.  The ALJ also noted that Dr. Sakhai's progress notes, for the most part, related to

24  behavioral counselling rather than medical treatment.  A.R. 14.  The ALJ's rejection of Dr.

25

_____

26      [2]  The factors for weighing opinion evidence include:  how long the source has known
    and how frequently the source has seen the individual; how consistent the opinion is with other
27  evidence; the degree to which the source presents relevant evidence to support an opinion;
    how well the source explains the opinion; whether the source has a specialty or area of
28  expertise related to the individual's impairment(s); and any other factors that tend to support
    or refute the opinion.  See SSR 06-03p; see also 20 C.F.R. § 416.927.

**United States District Court**
For the Northern District of California

1  Sakhai's opinion is further supported by the state agency medical/psychological consultant

2  Dr. Lucila's analysis of the evidence, which states that, "[Dr.] Sakhai reported rather

3  restrictive findings that were not entirely validated by psyche CE."  A.R. 272.  See SSR 96-

4  6p (Findings of fact made by state agency medical and psychological consultants may not

5  be ignored and must be treated and weighed as expert opinion evidence of nonexamining

6  sources.).

7  Based on the above, there was substantial evidence to support the ALJ's decision to

8  discount Dr. Sakhai's opinion and to give more weight to Dr. Aulakh and Dr. Lucila's

9  opinions.

10  **II.    The ALJ properly evaluated Amir's subjective testimony.**

11  Symptoms are a claimant's own description of his or her physical or mental

12  impairment.  See 20 C.F.R. § 416.928(a).  In determining whether a claimant is disabled,

13  the ALJ will consider all of the claimant's symptoms, though symptoms alone will not

14  establish that a claimant is disabled.  See 20 C.F.R. § 416.929(a).  First, the ALJ must find

15  that there is a medically determinable impairment that could reasonably be expected to

16  produce the claimant's symptoms.  See 20 C.F.R. § 416.929(c)(1).  Then, the intensity and

17  persistence of those symptoms must be evaluated to determine how they limit the

18  claimant's capacity for work.  See id.  In determining the extent to which the claimant's

19  symptoms affect his or her capacity to perform basic work activities, all evidence will be

20  considered.  See 20 C.F.R. § 416.929(c)(4).

21  A claimant's statement about the intensity and persistence of his or her symptoms or

22  about the effect of those symptoms on his or her ability to work will not be rejected solely

23  because the available objective medical evidence does not substantiate the statements.

24  See 20 C.F.R. § 416.929(c)(2); see also Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)

25  ("Once the claimant produces medical evidence of an underlying impairment, the

26  Commissioner may not discredit the claimant's testimony as to subjective symptoms merely

27  because they are unsupported by objective evidence.").  "Unless there is affirmative

28  evidence showing that the claimant is malingering, the Commissioner's reasons for

United States District Court

For the Northern District of California

1   rejecting the claimant's testimony must be clear and convincing.  General findings are

2   insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

3   undermines the claimant's complaints."  Lester, 81 F.3d at 834.

4         Here, the ALJ concluded that Amir had medically determinable impairments that

5   could reasonably be expected to cause her alleged symptoms, but found Amir's symptoms

6   not credible to the extent that they were inconsistent with the RFC finding.  A.R. 14.  Amir

7   argues that the ALJ failed to cite clear and convincing reasons for rejecting her subjective

8   testimony regarding her symptoms.  Although the ALJ did not find evidence of malingering,

9   he did state clear and convincing reasons for finding Amir's testimony not fully credible.

10  The ALJ stated in his decision that "for the reasons set forth in the body of my decision, I

11  do not find the claimant's allegations regarding subjective symptoms and the extent of her

12  functional limitations to be fully credible insofar as she alleges that she is precluded from

13  performing all substantial gainful activity."  A.R. 14; see Rollins v. Massanari, 261 F.3d 853,

14  856-57 (9th Cir. 2001); Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).

15        Specifically, the ALJ stated in his decision that the medical evidence did not

16  demonstrate regular psychiatric care.  A.R. 15.  Dr. Sakhai reported that Amir attended

17  weekly psychotherapy at the Multi-Lingual Center, but the progress notes date only from

18  June 19, 2007 to December 26, 2007.  A.R. 14.  The ALJ also noted that the progress

19  notes from the Multi-Lingual Center by Dr. Sakhai were mostly related to behavioral

20  counselling rather than medical treatment.  A.R. 14.  Furthermore, he stated that there

21  were no credible opinions from a treating or examining physician that Amir is unable to

22  perform *any* work.  A.R. 15.

23        In the earlier part of his decision, the ALJ found that examining physician Dr. Aulakh

24  did not report any moderate to marked limitations in Amir's mental functioning and

25  accepted Dr. Aulakh's opinion that she could understand and carry out simple instructions,

26  which is consistent with the ALJ's RFC finding.  A.R. 13.  He further noted that the RFC

27  conclusions reached by the physicians employed by the state also supported a finding of

28  "not disabled."  A.R. 15.  State agency physician Dr. Lucila found that Amir's allegations

**United States District Court**
For the Northern District of California

1  and symptoms were *partially* credible for a severe psyche or physical impairment that

2  would prevent all work activities, and further noted that it is *not totally supported* by the

3  overall evidence in the file.  A.R. 272.  Moreover, consistent with Dr. Aulkah and the ALJ's

4  RFC findings, Dr. Lucila also concluded that Amir was capable of performing simple work.

5  A.R. 272.

6        "A claimant's symptoms will be determined to diminish his or her capacity for basic

7  work activities to the extent that the alleged functional limitations and restrictions due to the

8  symptoms *can reasonably be accepted as consistent* with the objective medical evidence

9  and other evidence."  20 C.F.R. § 416.929(c)(4) (emphasis added).  Here, as shown above,

10  Amir's allegation that she is not capable of doing *any* gainful activity is contradicted by the

11  evidence in the record, particularly by the opinions from Dr. Aulakh and Dr. Lucila who

12  concluded that she is capable of performing simple tasks, and additionally, from the lack of

13  evidence in the record of continued psychiatric care.  The ALJ reasonably found Amir's

14  subjective allegations not fully credible, and the court "must uphold the ALJ's decision

15  where the evidence is susceptible to more than one rational interpretation."  Magallanes v.

16  Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

17  **III.    The ALJ properly addressed the opinion of the state agency psychiatrist, Dr.**

18  **Lucila.**

19        The ALJ's RFC finding states that Amir "maintains the mental capacity to

20  understand, remember, and carry out simple instructions and non-detailed tasks with

21  limited communication skills."  A.R. 13.  The initial hypothetical question posed to the

22  vocational expert during Amir's administrative hearing included the aforementioned

23  limitations and the vocational expert testified that there were examples of work that the

24  hypothetical claimant could perform.  A.R. 26.  Amir argues the ALJ failed to address Dr.

25  Lucila's findings regarding her limitations as noted in the Mental Residual Functional

26  Capacity Assessment.  A.R. 267.  Specifically, Amir points to Dr. Lucila's opinion that she

27  would have a moderate limitation in the "ability to complete a normal workday and

28  workweek without interruptions from psychologically based symptoms and to perform at a

United States District Court

For the Northern District of California

1   consistent pace without an unreasonable number and length of rest periods."  A.R. 268.

2   Amir argues that the ALJ improperly excluded this limitation in his RFC assessment and did

3   not address it in his decision.  She further argues that the vocational expert actually

4   testified that such a limitation would preclude her from performing any work.

5           Although Dr. Lucila did find such a limitation as part of the Mental Residual

6   Functional Capacity Assessment, later on, when she completed the medical

7   evaluation/case analysis, she recommended and concluded that "[c]laimant has limitations,

8   however, but should be able to perform simple work with limited public contact."  A.R. 272.

9   This finding is consistent with examining psychiatrist Dr. Aulakh's findings, which states that

10  Amir "can understand and carry out simple instructions" while also noting that she will

11  "need support, coaching and supervision when performing detailed tasks due to her

12  depressed mood" and that her "persistence and reliability may also be affected."  A.R. 160.

13  Additionally, the ALJ noted that Dr. Aulakh did not report any moderate to marked

14  limitations in terms of the claimant's mental functioning.  A.R. 13.  Furthermore, Dr. Lucila

15  addressed Dr. Sakhai's opinion and noted that she is not a licensed clinical psychologist

16  and that Dr. Sakhai's restrictive findings were not entirely validated by the "psych CE."  A.R.

17  272.  The ALJ also went onto reject Dr. Sakhai's opinion.  A.R. 13-14.  Thus, upon review

18  of the entire record, the ALJ's RFC finding was reasonable.  See Stubbs-Danielson v.

19  Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) ("ALJ's assessment of a claimant adequately

20  captures restrictions related to concentration, persistence, or pace where the assessment

21  is consistent with restrictions identified in the medical testimony.").

22          Accordingly, it was appropriate for the ALJ to decline to consider the vocational

23  expert's testimony that a person would be precluded from performing any work if he or she

24  had a moderate limitation in the ability to complete a normal workday and workweek and

25  perform at a consistent pace.  A.R. 27.  Significantly, the vocational expert was not

26  responding to a hypothetical that was consistent with Amir's RFC.  A.R. 150; see Stubbs-

27  Danielson, 539 F.3d at 1174 ("[T]he ALJ refused to lend any weight to the [vocational

28  expert's] assessment because it did not address [claimant's] RFC and did not appear to be

12

**United States District Court**

For the Northern District of California

1   based on her individual record as a whole.").  Moreover, the proposed limitation was posed

2   by Amir's attorney and *not* by the ALJ.  A.R. 150; see also Magallanes, 881 F.2d 747 at

3   756 ("[t]he ALJ is not bound to accept as true the restrictions presented in a hypothetical

4   question propounded by a claimant's counsel").

5          For the aforementioned reasons, the ALJ properly considered Dr. Lucila's opinion in

6   assessing Amir's RFC, and further, the ALJ properly relied on only those portions of the

7   vocational expert's testimony that were in response to a hypothetical that was consistent

8   with the ALJ's RFC finding.

9                                          **CONCLUSION**

10         For the foregoing reasons, the court GRANTS the Commissioner's cross-motion for

11   summary judgment, DENIES plaintiff's cross-motion for summary judgment and alternative

12   motion to remand for payment of benefits or for further administrative proceedings, and

13   AFFIRMS the Commissioner's final decision.  The court finds that the ALJ did not err in

14   rejecting the opinion of Dr. Sakhai, the ALJ properly evaluated Amir's subjective testimony,

15   and the ALJ properly addressed the opinion of state agency psychiatrist, Dr. Lucila.

16         This order fully adjudicates the motions listed at numbers ten and eleven of the

17   clerk's docket for this case.  The clerk shall close the file.

18         **IT IS SO ORDERED.**

19   Dated: March 12, 2010

20

21                                          _____

22                                          PHYLLIS J. HAMILTON
                                            United States District Judge

23

24

25

26

27

28